IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Optima Direct, LLC,**<br><br>　　Plaintiff,<br><br>　　v.<br><br>**Everykey, LLC,**<br><br>　　Defendant. | Case No. _____<br><br>Patent Case<br><br>Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Optima Direct, LLC ("Optima"), through its attorneys, complains of Everykey, LLC ("Everykey"), and alleges the following:

**PARTIES**

1.　Plaintiff Optima Direct, LLC is a limited liability company organized and existing under the laws of Wyoming that maintains its principal place of business at 30 N. Gould St. STE R, Sheridan, WY 82801.

2.　Defendant Everykey, LLC is a limited liability company organized and existing under the laws of Ohio, that maintains its principal place of business at 12018 Mayfield Road, Cleveland OH 44106.

**JURISDICTION**

3.　This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4.　This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District, and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

### VENUE

6. Venue is proper in this District under 28 U.S.C. §1400(b) because Defendant has committed acts of patent infringement in this District, has an established place of business in this District, and is incorporated in this District's state. In addition, Optima has suffered harm in this district.

### PATENTS-IN-SUIT

7. Optima is the assignee of all right, title and interest in United States Patent Nos. 8,498,618 (the "'618 Patent"); 8,115,609 (the "'609 Patent"); (collectively the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Optima possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

### The '618 Patent

8. The '618 Patent is entitled "Systems for intelligent authentication based on proximity," and issued 7/30/2013. The application leading to the '618 Patent was filed on 8/22/2011. A true and correct copy of the '618 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '618 Patent is valid and enforceable.

### The '609 Patent

10. The '609 Patent is entitled "Multi function bluetooth apparatus," and issued 2/14/2012. The application leading to the '609 Patent was filed on 7/22/2008. A true and correct copy of the '609 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

11. The '609 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE '618 PATENT

12. Optima incorporates the above paragraphs herein by reference.

13. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '618 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least Everykey's Device and App (the "Exemplary Everykey Products") that infringe at least exemplary claims 8 of the '618 Patent (the "Exemplary '618 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '618 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

14. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. §287.

15. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '618 Patent. On information and belief, Defendant has also continued to sell the Exemplary Everykey Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '618 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '618 Patent.

16. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '618 Patent, literally or by the doctrine of equivalence, by selling Exemplary Everykey Products to their customers for use in end-user products in a manner that infringes one or more claims of the '618 Patent.

17. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '618 Patent, literally or by the doctrine of equivalence, by selling Exemplary Everykey Products to their customers for use in end-user products in a manner that infringes one or more claims of the '618 Patent.

18. Exhibit 3 includes charts comparing the Exemplary '618 Patent Claims to the Exemplary Everykey Products. As set forth in these charts, the Exemplary Everykey Products practice the technology claimed by the '618 Patent. Accordingly, the Exemplary Everykey Products incorporated in these charts satisfy all elements of the Exemplary '618 Patent Claims.

19. Optima therefore incorporates by reference in its allegations herein the claim charts of Exhibit 3.

20. Optima is entitled to recover damages adequate to compensate for Defendant's infringement.

COUNT 2: INFRINGEMENT OF THE '609 PATENT

21. Optima incorporates the above paragraphs herein by reference.

22. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '609 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Exemplary Everykey Products that infringe at least exemplary claims 1 of the '609 Patent (the "Exemplary '609 Patent Claims") literally or by

4

the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '609 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

23. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287.

24. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '609 Patent. On information and belief, Defendant has also continued to sell the Exemplary Everykey Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '609 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '609 Patent.

25. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '609 Patent, literally or by the doctrine of equivalence, by selling Exemplary Everykey Products to their customers for use in end-user products in a manner that infringes one or more claims of the '609 Patent.

26. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '609 Patent, literally or by the doctrine of equivalence, by selling Exemplary Everykey Products to their customers for use in end-user products in a manner that infringes one or more claims of the '609 Patent.

27. Exhibit 4 includes charts comparing the Exemplary '609 Patent Claims to the Exemplary Everykey Products. As set forth in these charts, the Exemplary Everykey Products

practice the technology claimed by the '609 Patent. Accordingly, the Exemplary Everykey Products incorporated in these charts satisfy all elements of the Exemplary '609 Patent Claims.

28. Optima therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

29. Optima is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

30. Under Rule 38(b) of the Federal Rules of Civil Procedure, Optima respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Optima respectfully requests the following relief:

A. A judgment that the '618 Patent is valid and enforceable;

B. A judgment that the '609 Patent is valid and enforceable;

C. A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '618 Patent;

D. A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '609 Patent;

E. An accounting of all damages not presented at trial;

F. A judgment that awards Optima all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and,

if necessary, to adequately compensate Optima for Defendant's infringement, an accounting:

i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Optima be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

ii. that Optima be awarded costs, and expenses that it incurs in prosecuting this action; and

iii. that Optima be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: June 21, 2019 Respectfully Submitted,

*/s/ Howard L. Wernow*
Howard L. Wernow (0089019)
SAND, SEBOLT & WERNOW CO., LPA
Aegis Tower - Suite 1100
4940 Munson Street, N. W.
Canton, Ohio 44718
Phone: 330-244-1174
Fax: 330-244-1173
howard.wernow@sswip.com

**Together with**
Isaac Rabicoff
(*Pro Hac Vice admission forthcoming*)
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com
**ATTORNEYS FOR PLAINTIFF**

7